BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION

**IN RE:** CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN TORT
STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

MDL Docket No. 1916

This Filing Relates To The Following Case Only:

*John Doe 1 et al. v. Carla A. Hills, as Personal Representative for the Estate of Roderick M. Hills*, D.D.C., 1:15-cv-1586 (JDB)

# REPLY IN SUPPORT OF DEFENDANT'S MOTION TO VACATE
# CONDITIONAL TRANSFER ORDER (CTO-7)

**INTRODUCTION**

In their Opposition to Defendant's Motion to Vacate the Conditional Transfer Order, plaintiffs' contend that their probate complaint (which they call the "D.C. Complaint")[1] should be transferred to the MDL court because their tort claims against Mr. Hills (and, now, against his estate) will be litigated under both the New Jersey Complaint (i.e., their original complaint) currently before the MDL court as well as their newly filed D.C. Complaint. Response in Opposition to Motion to Vacate CTO ("Opp."), at 1-2, 7-8. That contention borders on the frivolous. Plaintiffs *concede* that the sole purpose of filing a new complaint was "to make certain that [plaintiffs] fulfilled D.C. Code requirements following Defendant's disallowance of their creditor's claim." *Id.* at 4. There is simply no other issue to be litigated under that complaint. Indeed, while the Estate's position is that they were *required* to file the D.C. Complaint in the Probate Division of the D.C. Superior Court, plaintiffs do not dispute that they *could have* filed it there. So if plaintiffs' theory of this probate action were correct—*i.e.*, that it will require litigating the merits of their complaint just like the New Jersey Complaint in the MDL Court—then the Probate Division would similarly have been required to adjudicate the merits of their Torture Victim Protection Act ("TVPA") and Colombian law claims had plaintiffs chosen to file there. That position is patently false.

---

[1] As in its motion to vacate, the Estate refers to the complaint originally filed in the District of New Jersey and transferred to the MDL Court as the "New Jersey Complaint," MDL Dkt. No. 589, and refers to the instant newly filed complaint as the "Probate Complaint." Another action filed in the District of Columbia and transferred to the MDL Court in 2008 also named Mr. Hills as a defendant. *See* MDL Dkt. No. 575. The Estate referred to this filing as the "D.C. Complaint." In their opposition brief, plaintiffs refer to the instant complaint as the "D.C. Complaint." For the sake of preventing confusion, this brief uses the same appellations as the original motion.

1

Beyond this fundamental flaw in their position, plaintiffs barely respond to the Estate's arguments with respect to the factors this Panel traditionally considers in determining whether to transfer a new case to the MDL Court. Plaintiff does not dispute that the majority of witnesses as to the probate issues relevant here are in the District of Columbia, or that the convenience of counsel—*all* counsel, including the Estate's probate counsel who has never appeared in the multi-district litigation—would militate in favor of litigating the D.C. probate code in the District of Columbia. While plaintiffs allude to the fact that certain probate issues have been presented in the MDL proceedings, plaintiffs do not dispute that a judge in the District of Columbia will have greater familiarity with D.C. probate issues than a judge in south Florida.

Plaintiffs also complain that failing to transfer this case to the MDL Court risks inconsistent judgments. There is no serious risk of inconsistent judgments with the MDL Court—the sole purpose of the D.C. Complaint, plaintiffs concede, is to determine whether plaintiffs have properly preserved their rights under the D.C. Probate Code, which is, at best, an ancillary issue in the MDL proceeding. There is indeed a risk of independent judgments here, but not with the MDL Court—after plaintiffs filed the Probate Complaint, they also filed a motion in the Probate Division of the D.C. Superior Court, which implicates the same probate issues presented in their D.C. Complaint. Declaration of K. Lee Blalack, II, Ex. A ("Probate Court Motion"). To the extent there is a risk of inconsistent judgments, it is plaintiffs' doing, by alternately proceeding in state and federal courts. Plaintiffs' concern about inconsistent probate judgments thus rings hollow, and in any event has nothing to do with whether their Probate Complaint should

be transferred to, and adjudicated by, the MDL Court charged with resolving the merits of their tort claims.

## ARGUMENT

Plaintiffs have the burden to satisfy all three of the following factors as a prerequisite to transfer to the MDL Court: (1) the actions in the transferor and transferee court share common issues of contested fact; (2) the transfer must be for the convenience of parties and witnesses; and (3) the transfer must promote the just and efficient conduct of such actions. 28 U.S.C. § 1407(a). Plaintiffs fail to meet even one of these factors. Plaintiffs also neglect, other than in a vague allusion, to alert the Panel that their new filing in the D.C. Superior Court undermines their own arguments in favor of transfer.

### I.  ARTFUL PLEADING DOES NOT CREATE COMMON ISSUES OF FACT.

Plaintiffs confirm that the instant complaint was filed "to foreclose any argument that Plaintiffs have failed to take proper steps to ensure that any judgment … will be enforceable against the Estate." Opp. 4. As a consequence, plaintiffs confirm that the New Jersey action pending before the MDL Court will address the merits under the TVPA and Colombian law, while the D.C. Complaint is intended to address only whether plaintiffs have preserved their rights under the D.C. Probate Code to enforce a future judgment against the Estate's assets. The instant complaint will not, and need not, litigate any substantive issues under the TVPA or Colombian law to determine whether plaintiffs preserved their rights under the D.C. Probate Code.

Plaintiffs assert that the Estate "conflates the *reason* Plaintiffs filed their complaint in D.D.C. with the *scope* of that action." Opp. 4. But the fact that plaintiffs inexplicably chose to plead violations of federal and Colombian law in a complaint

3

intended to (in their words) "make certain that they fulfilled D.C. Code requirements," *id.*, does not transform their probate complaint into an action on the merits. Indeed, the inclusion in the D.C. Complaint of the TVPA and Colombian law claims is irrelevant to the stated purpose of the Complaint. It is nothing but a transparent attempt to cause this Panel to transfer to the MDL Court a complaint that should properly have been filed in the Probate Division of the D.C. Superior Court, where it could have been expeditiously addressed.[2] To transfer the D.C. Complaint merely based on plaintiffs' superfluous inclusion of unnecessary legal claims and factual allegations would permit future plaintiffs to satisfy the requirements of transfer merely by including unnecessary factual matter in their pleadings.

A simple counterfactual demonstrates the absurdity of plaintiffs' main contention. Even if plaintiffs are right that the U.S. District Court for the District of Columbia has jurisdiction over their probate complaint, plaintiffs do not dispute that they *could have* filed their complaint in the D.C. Probate Court. *See* Opp. 3. And there is no plausible argument that the D.C. Probate Court would adjudicate on the merits whether Mr. Hills violated the TVPA and Colombian law, even if plaintiffs' hypothetical Probate Division

---

[2] Although not relevant here, plaintiffs allude to D.C. Superior Court Probate Rule 411 in asserting that filing in federal court was proper. Opp. 3. But Rule 411 does not govern where a claimant may sue. Rather, it governs the "*format*" of the notice to be provided when the estate takes action on a claim. D.C. Probate Rule 411 (emphasis added). Both the statute and the rule governing where a claimant may sue make clear that suit must be brought in the D.C. Superior Court. *See* D.C. Code § 20.908(a); *id.* § 20-101(a); D.C. Super. Ct. R. Probate Div. 407(a). The disallowance of claim was made using the D.C. Superior Court form for that purpose. *See* Mot. 8. In any event, no federal court can conceivably be a court of competent jurisdiction over a probate action. *See Markham v. Allen*, 326 U.S. 490, 494 (1946) (holding that the Judiciary Act of 1789 governing the jurisdiction of federal courts "did not extend to probate matters").

4

complaint was identical to the one they filed here. Nor do plaintiffs suggest as much. The Probate Division has jurisdiction to litigate *probate* issues, which would become relevant only if *a different court* enters judgment against Mr. Hills and now his Estate. That plaintiffs instead chose to file a probate action in a federal district court does not change the fact that it is a probate action.

In fact, it is critical to understand that two issues are being litigated between the Estate and plaintiffs. The first issue is whether Mr. Hills violated the TVPA or Colombian law. That will plainly be adjudicated by the MDL Court in connection with the complaint that is *already* pending there. Plaintiffs do not argue that this new Probate Complaint adds anything to that issue; indeed they argue that on this issue the New Jersey Complaint and the Probate Complaint are wholly duplicative. Therefore, transfer is not needed for these merits issues to be adjudicated by the MDL Court. The second issue is whether plaintiffs may overturn the disallowance of claim that has already been filed in the Probate Division of the D.C. Superior Court and recover a final judgment from the Estate. That issue of probate law is, albeit improperly, presented in this new Probate Complaint. Because that is all that can feasibly be adjudicated by the new Probate Complaint, the last place such an issue of D.C. probate law should be adjudicated is before a court already burdened by a complex multi-district litigation far from the District of Columbia.

Indeed, if plaintiffs were right and their D.C. Complaint truly asked the D.C. district court to adjudicate the identical claims that are currently pending before the MDL court under the New Jersey Complaint, then their complaint would be entirely improper and subject to dismissal on its face under the doctrine of "claim splitting." *See, e.g.*, *The*

5

*Haytian Republic*, 154 U.S. 118, 124 (1894); *Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011); 18 Wright et al., *Federal Practice & Procedure* § 4406 (2d ed. 2002 & Supp. 2015). A follow-on complaint must be dismissed under that doctrine if, "the first suit, assuming it were final, would preclude the second suit." *Katz*, 655 F.3d at 1218. If plaintiffs' D.C. Complaint literally duplicated their New Jersey Complaint—which is what they now allege—then that test would be satisfied on its face. So either plaintiffs have filed a facially improper complaint, or they have filed a complaint seeking to resolve certain probate issues, not liability issues. Either way, transfer is improper.

The Estate did, as plaintiffs point out, refer to the defects in plaintiffs' actions to preserve a right to recover under the D.C. Probate Code. Opp. 5-6. That argument is presented as one of several *prudential* reasons why that suit should be dismissed. Simons Decl., Ex. A. The ultimate decision regarding whether plaintiffs successfully preserved their claims on the Estate will be made by the Probate Division. In any event, there is at most an overlap in *legal* argument, and "Section 1407 requires the existence of common questions of fact, not common questions of law." *In re Air Crash Disaster at Huntington, W. Va. on November 14, 1970*, 342 F. Supp. 1400, 1402 (J.P.M.L. 1972).

The Panel must be "persuaded that … common questions of fact will, in the future course of this litigation, predominate over individual questions of fact present in each action." *In re Eli Lilly & Co. Oraflex Products Liability Litigation*, 578 F. Supp. 422, 423 (J.P.M.L. 1984). There is no basis for that finding here. All that must be litigated in the Probate Complaint are issues of D.C. probate law and procedure. Those disputed issues have nothing to do with the merits of plaintiffs' tort claims in the MDL Court.

## II. CONVENIENCE INDISPUTABLY FAVORS LITIGATION IN THE DISTRICT OF COLUMBIA.

Plaintiffs chose to file this action in the District of Columbia two months ago. Plaintiffs have since also chosen to initiate proceedings in the D.C. Probate Division. Plaintiffs have no answer for the fact that all counsel are located in the District of Columbia, including the Estate's probate counsel, who have never appeared before the MDL Court.[3] And their own choice to file a parallel action in D.C. Probate Division assures that probate issues—though not merits issues—will be litigated in the District of Columbia regardless of how the Motion to Vacate is resolved. For the convenience of the parties, witnesses, and counsel, all such probate issues should be litigated in the District of Columbia.

## III. THE JUST AND EFFICIENT CONDUCT OF THE ACTION SUPPORTS VENUE IN THE DISTRICT OF COLUMBIA

Finally, justice and efficiency unambiguously favors denying transfer here. Almost seven years since this Panel first assigned the litigation to the MDL Court, the complaints that originally asserted claims under the Alien Tort Statute have yet to proceed beyond the motion-to-dismiss stage. This Panel, in deciding to transfer a probate matter to an MDL Court, and consistent with its duty to consider the *just* conduct of this action, 28 U.S.C. § 1407(a), should also consider the policies of repose that the District of Columbia's probate law intends to provide to probated estates, *see Eastern Indem. Co. of*

---

[3] Plaintiffs accuse the Estate of creating work by filing the motion to vacate. Opp. 11. Although irrelevant, the Estate notes that workload has substantially multiplied because *plaintiffs* chose to file in *three separate venues*, in addition to the MDL Court. Plaintiffs, by their theory, could have filed the instant complaint in any court, and chose the U.S. District Court for the District of Columbia, then filed before this Panel, and then filed in the Probate Division. It is plaintiffs' inexplicable litigation strategy, and not the Estate's proper objection to litigating D.C. probate issues in Florida, that has multiplied workload.

*Md. v. Content*, 543 A.2d 1361, 1365 (D.C. 1988) (holding that the District of Columbia's probate statute "is stricter than any statute of limitations"). Assigning the finality of the probated Estate to an already heavily burdened MDL Court is neither just nor efficient.

Plaintiffs also bear the burden of showing that transfer will promote the just and efficient conduct of the litigation. When evaluating this factor, the Panel has often considered "the prevention of duplicative discovery," and the "prevent[ion] of inconsistent rulings." *In re Griseofulvin Antitrust Litigation*, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975). But if there is a risk of duplicative rulings here, it is entirely plaintiffs' doing. As noted, plaintiffs assert that the probate issues that are the gravamen of the D.C. Complaint have been presented to the D.C. Probate Court in an action that can neither be removed nor transferred. Opp. 3. It is certainly possible that the D.C. Probate Division issues a probate ruling inconsistent with a probate ruling issued by the D.C. federal district court (assuming the district court will ever reach the merits of a probate action, which it certainly will not). But that possibility—invited by plaintiffs' multiple filings—cannot be mitigated by transferring this action to Florida. There is, in short, no basis whatever to transfer this probate complaint to the MDL Court.

///

///

///

///

///

///

## **CONCLUSION**

For the reasons set forth above, and in the Estate's motion to vacate, the conditional transfer order (CTO-7) should be vacated and the action remanded to the U.S. District Court for the District of Columbia for further proceedings.

Respectfully submitted,

Dated: November 30, 2015  
Washington, D.C.

/s/ K. Lee Blalack, II  
K. LEE BLALACK, II  
D.C. Bar No. 452372  
lblalack@omm.com  
ANTON METLITSKY  
N.Y. Bar No. 4383527  
ametlitsky@omm.com  
DIMITRI D. PORTNOI  
CAL. BAR NO. 282871  
dportnoi@omm.com  
O'MELVENY &MYERS LLP  
1625 Eye Street NW  
Washington, DC 20006  
(202) 383-5300  
(202) 383-5414 (fax)

*Attorneys for Carla A. Hills, as the Personal Representative of the Estate of Roderick M. Hills, Sr.*