UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDERS
DERIVATIVE LITIGATION                                                                MDL No. 1916

ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the Panel:**[*] Defendant Carla A. Hills, in her capacity as personal representative of the estate of her late husband, Roderick M. Hills, Sr., moves under Panel Rule 7.1 to vacate our order conditionally transferring the District of District of Columbia action (*Does*) listed on the attached Schedule A to the Southern District of Florida for inclusion in MDL No. 1916. Plaintiffs oppose the motion.

After considering the argument of counsel, we grant the motion to vacate. On its face, the *Does* action appears to share factual issues with those in the MDL.[1] Indeed, the *Does* Complaint is essentially identical to a complaint (the New Jersey Complaint) filed in the MDL by these same plaintiffs.[2] But, as footnote 3 of the complaint in *Does* unambiguously states, and as plaintiffs freely acknowledge, plaintiffs instituted the *Does* action for the sole purpose of ensuring that they adequately preserved their claims, under District of Columbia law, to assets of the estate of Mr. Hills.[3] In the New Jersey Complaint, plaintiffs already have raised against Ms. Hills all the other

---

[*]   Judge Charles R. Breyer took no part in the decision of this matter.

[1]   The actions in the MDL arise from allegations that Chiquita Brans International, Inc., and Chiquita Fresh North America LLC, as well as current and former Chiquita executives, board members, and employees, provided financial and other support to Colombian paramilitary and guerilla organizations. *See In re: Chiquita Brands Int'l, Inc., Alien Tort Statute & S'holders Derivative Litig.*, 536 F. Supp. 2d 1371 (J.P.M.L. 2008). Mr. Hills was a Chiquita board member.

[2]   In July 2015, Ms. Hills, in her capacity as personal representative of her husband's estate, was substituted for Mr. Hills as a defendant in the New Jersey Complaint.

[3]   The footnote reads, in relevant part, as follows: "To ensure that any future judgment against Mrs. Hills/the Decendent [*sic*] would be enforceable against the Decendent's [*sic*] estate, Plaintiffs filed a creditor's claim in D.C. Superior Court's Probate Division, which Mrs. Hills disallowed on July 23, 2015. The D.C. Probate Code requires that following a disallowance, a claim be filed in the D.C. Superior Court of another court of competent jurisdiction. Although Plaintiffs believe that their existing complaint against Chiquita and others [*i.e.*, the New Jersey Complaint] fulfills this requirement, out of an abundance of caution, Plaintiffs submit this Complaint, which has been modified to name only Carla Hills as the Defendant."

issues found in the *Does* Complaint.  Transfer of *Does* thus is unnecessary to ensure that those issues are fully and properly adjudicated.

In our judgment, the only question validly presented by the *Does* Complaint is whether it successfully preserves plaintiffs' claims against Mr. Hills' estate as a matter of District of Columbia law – more specifically, whether plaintiffs properly filed their complaint in federal court instead of the Probate Division of D.C. Superior Court.  Because this question appears to be purely legal in nature, transfer under Section 1407 is not appropriate.  *See* 28 U.S.C. § 1407(a).  Plaintiffs point out that in the MDL, Ms. Hills has raised some of the same probate arguments in a motion to dismiss filed in October of last year.  Again, that the *Does* action shares legal issues with one or more actions in the MDL is insufficient for Section 1407 transfer.[4]  Moreover, especially given the discrete and D.C.-specific nature of those issues, we believe that the transferee judge and the judge presiding over *Does* should be able to work together informally to address those issues efficiently and with minimal duplication of effort.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-7" is vacated.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell    Lewis A. Kaplan
Ellen Segal Huvelle    R. David Proctor
Catherine D. Perry

---

[4]  *See, e.g., In re: HealthExtras Ins. Mktg. and Sales Practices Litig.*, 24 F. Supp. 3d 1376, 1376-77 (J.P.M.L. 2014) (denying transfer where the "key issue" in all cases was legal in nature).

**IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDERS
DERIVATIVE LITIGATION**                                    MDL No. 1916

**SCHEDULE A**

<u>District of District of Columbia</u>

DOES v. HILLS, C.A. No. 1:15-01586