**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDERS
DERIVATIVE LITIGATION                                                     MDL No. 1916


**REMAND ORDER**

  **Before the Panel:**[*] Defendant Chiquita Brands International, Inc. (Chiquita) and seven individual defendants in the two actions listed on the attached Schedule A collectively move under Panel Rule 10.3 to vacate the Panel's order conditionally remanding the actions to the District of District of Columbia and District of New Jersey, respectively.[1] Responding plaintiffs oppose the motion.

**I.**

  This MDL arises out of the alleged torture and killing of thousands of Colombia citizens and residents by the Autodefensas Unidas de Colombia (AUC), a paramilitary organization operating in Colombia, as well as left-wing Colombian guerilla groups, such as Fuerzas Armadas Revolucionaries de Colombia and Ejercito Nacional de Liberacion.[2] Plaintiffs in these two actions filed their original complaints in June and July 2007, respectively. In February 2008, the Panel transferred the actions to the MDL via its initial transfer order. The original complaints named only Chiquita as a defendant (in addition to several pseudonymous defendants). In those complaints, plaintiffs – all of whom are Colombian nationals – alleged that because Chiquita's former Colombian subsidiary made payments to the AUC, Chiquita should be held liable for the AUC's acts of violence against the plaintiffs and their relatives in Colombia. Plaintiffs asserted claims for violation of the Alien Tort Statute (ATS) and the Torture Victim Protection Act (TVPA), as well as

---

  [*] Judge Ellen Segal Huvelle and Judge R. David Proctor took no part in the decision of this matter.

  [1] The seven individual defendants are Fernando Aguirre, Cyrus Freidheim, Charles Keiser, Robert Kistinger, Robert Olson, William Tsacalis, and Steven Warshaw. Aguirre and Warshaw are sued only in the District of District of Columbia action, while the other defendants are named in both actions. This order addresses only whether the claims in these actions brought against these defendants should be remanded. By separate orders, we address the issue of remand of the claims against the other defendants in the actions.

  [2] *See In re: Chiquita Brands Int'l, Inc., Alien Tort Statute & S'holders Derivative Litig.*, 536 F. Supp. 2d 1371 (J.P.M.L. 2008).

-2-

numerous common law claims such as negligence, assault and battery, and intentional infliction of emotional distress.

In 2012, plaintiffs in these actions sought and received leave to amend their complaints to add the individual defendants, who are various current or former directors, officers, and employees of Chiquita. Plaintiffs allege that these defendants were involved in forming, implementing, and concealing Chiquita's decision to provide support to the AUC. In the amended complaints, plaintiffs seek to hold these defendants personally liable for compensatory and punitive damages under the ATS, the TVPA, state law, and Colombian tort law.

Following the lifting of a stay entered in the MDL during the pendency of an interlocutory appeal, the individual defendants moved to dismiss the amended complaints based on, *inter alia*, lack of personal jurisdiction and failure to state a claim. On June 1, 2016, the transferee judge, the Honorable Kenneth A. Marra, issued his ruling on the motion to dismiss. *In re: Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, — F. Supp. 3d —, 2016 WL 3247913 (S.D. Fla. June 1, 2016). With respect to the personal jurisdiction issue, the judge denied the motion to dismiss. *Id*. at *19. The judge stated that the allegations in the two complaints were insufficient to establish personal jurisdiction over the individual defendants in the District of Columbia and New Jersey. *Id*. at *15. In addition, the judge determined that under the Supreme Court's *Lexecon* decision,[3] he could not grant plaintiffs' alternative requests to transfer the actions, under either 28 U.S.C. §§ 1406 or 1631, to a district or districts having personal jurisdiction over the individual defendants. The judge therefore recommended to the Panel that we remand the cases under 28 U.S.C. § 1407 for the limited purpose of allowing plaintiffs to seek transfer under Section 1406 or 1631 before the two transferor courts. 2016 WL 3247913, at *17. The judge expressed the view that if, following remand, plaintiffs were successful in obtaining such transfers, the actions would benefit from re-transfer to the MDL for further pretrial proceedings.[4] *Id*. Upon receipt of the judge's ruling, the Panel Clerk issued the conditional remand order that is the subject of the instant motion to vacate.

## II.

In their motion to vacate, defendants' core argument is that because Judge Marra has determined that (1) personal jurisdiction over the individual defendants is lacking in the District of Columbia and New Jersey, and (2) he, as the transferee judge, cannot transfer the claims against them to any other jurisdiction, he must dismiss the claims against these defendants in the transferee court. Accordingly, defendants argue, the Panel cannot remand those claims under Section 1407. We are not convinced by this argument. In his ruling, the judge expressly <u>denied</u> the individual

---

[3]  *Lexecon, Inc. v. Milberg Weiss*, 523 U.S. 26 (1998).

[4]  As mentioned, the actions were stayed during the long pendency of an interlocutory appeal. No discovery has yet taken place in either action.

-3-

defendants' motion to dismiss.[5]  The personal jurisdiction issues thus remain for the transferor courts to resolve in deciding whether the claims against those defendants can and should be transferred to one or more other jurisdictions.  Like any other actions with pending jurisdictional objections, these actions are subject to the Panel's authority under Section 1407 to remand for further proceedings.[6]

Notwithstanding the ruling's explicit denial of their motion on personal jurisdiction grounds, defendants point to language in the body of the ruling in which the judge discussed the merits of the individual defendants' jurisdictional objections.  *See* 2016 WL 3247913, at *15-16.  The individual defendants contend that the judge in fact resolved the jurisdictional issues in their favor.  We reject this contention.  Defendants seek, in essence, to have the Panel rely on dicta in the judge's ruling to construe his unambiguous denial of their motion to be a grant of that motion.  The Panel, however, has no authority to review Judge Marra's ruling, much less reverse his denial of the individual defendants' motion.  *See In re: Motion Picture "Standard Accessories" and "Pre-Vues" Antitrust Litig.*, 339 F. Supp. 1278, 1280 (J.P.M.L. 1972) ("The Panel is not vested with statutory authority to review the decisions of district courts, whether they are transferor or transferee courts."); *see also In re: Wells Fargo Inspection Fee Litig.*, 158 F. Supp. 3d 1366, 1367 (J.P.M.L. 2016) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts.") (internal quotation marks and citation omitted).

Denial of the motion to vacate is consistent with our December 22, 2013, Remand Order in MDL No. 2099, In re: Stanford Entities Securities Litigation.  *See* MDL No. 2099, Remand Order, (J.P.M.L. Dec. 22, 2013) (ECF No. 255).  In that order, we remanded an action in which the defendants had contested subject matter jurisdiction, for the purpose of permitting the plaintiffs to seek, post-remand, a Section 1631 transfer determination by the transferor court.  Akin to the situation here, our ruling was based on a recommendation of remand by the transferee judge in which the judge denied defendants' motion to dismiss for lack of subject matter jurisdiction, even though he described plaintiffs "as 'conceding the lack of jurisdiction in the [transferor] court.'"  *See id*. at 2 (quoting *Janvey v. Proskauer Rose LLP*, No. 3:12-00644, Order at 3 (N.D. Tex. Aug. 21, 2013) (ECF No. 71)).  We found that this denial did not resolve defendants' jurisdictional objections, leaving them for decision by the transferor court:

---

[5]  *See* 2016 WL 3247913, at *19 ("The motion to dismiss the TVPA claims[] of the D.C. Plaintiffs and N.J. plaintiffs for lack of personal jurisdiction is DENIED; the Court shall instead file a suggestion of remand to the JPML to the originating courts for consideration of transfer to the district court(s) with jurisdiction over the Individual Defendants named in these actions."); *id*. (suggesting remand "for a determination by the originating court on whether transfer to a jurisdiction having personal jurisdiction over the Individual Defendants is appropriate under 28 U.S.C. § 1404 or 28 U.S.C. § 1631").

[6]  It is well settled that the Panel "has jurisdiction to transfer a case in which a jurisdictional objection is pending."  *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (citation omitted).  By the same principle, the Panel has authority to remand an action in which a jurisdictional objection is pending.

-4-

> The pendency of an unresolved jurisdictional objection in this action is undeniable. The transferee court's August 21, 2013, Order "denies Defendants' motions to dismiss," leaving the jurisdictional issues for the [transferor court] as part of the Section 1631 determination. Though defendants assert that plaintiffs have already conceded the absence of jurisdiction, the fact remains that a court has yet to rule on jurisdiction. Thus, the issue is yet to be decided, and only the transferor court has the power to determine whether a Section 1631 transfer is appropriate if jurisdiction is lacking.

*Id.* at 3.

Here, Judge Marra followed a course similar to the one followed in MDL No. 2099. In the two suggestions of remand, both judges provided, to varying degrees, some indication of their views on the merits of defendants' jurisdictional objections, but ultimately denied dismissal on those grounds. While the language in Judge Marra's ruling may be more emphatic, he, like the judge in MDL No. 2099, ultimately denied the motion to dismiss on jurisdictional grounds, leaving the final ruling on the jurisdictional issues to the transferor courts.

Defendants also oppose remand as contrary to the purposes of Section 1407. They argue that it would be inefficient to require two separate courts to hear and decide motions concerning (1) the propriety of transfer, (2) whether the individual defendants are subject to personal jurisdiction in the district or districts to which transfer is sought, and (3) to the extent that there is no single district in which all defendants are subject to personal jurisdiction, whether the transferor courts can and should sever the claims under Rule 21 to enable transfer to multiple districts. They also argue that remand typically occurs upon a determination that the subject action or claim would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings.

Although defendants' arguments have some merit, we are unconvinced that vacatur is warranted. "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re: Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). Here, Judge Marra, who has been overseeing this MDL since early 2008, has made a reasoned determination that remand is appropriate to allow plaintiffs to attempt to cure any personal jurisdictional defects presented as to the individual defendants. Although remand at this juncture may be atypical, it plainly is authorized by Section 1407. *See* 28 U.S.C. § 1407(a) (providing that the Panel "may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded"). Each multidistrict litigation is unique. As transferee judge, Judge Marra possesses broad discretion to chart an appropriate course for the cases before him. Given the totality of the circumstances, including the unusual complexity of this MDL, we conclude that the suggestion of remand is well taken.

-5-

Finally, defendants argue that the Panel should defer ruling on their motion to vacate because they have filed a motion asking Judge Marra to reconsider his ruling on the individual defendants' motion to dismiss. We deny this request. The judge has set no timetable for ruling on the motion to reconsider, which was fully briefed as of late June. Awaiting his decision (as well as a ruling on the mandamus petition that defendants vow to file if reconsideration is denied) would indefinitely delay remand of the subject claims. Furthermore, given that the individual defendants' jurisdictional objections remain pending in light of the denial of their motion to dismiss, immediate remand is consistent with our precedent that the pendency of such objections is not an impediment to transfer (or, by the same token, remand).

IT IS THEREFORE ORDERED that plaintiffs' claims in the District of District of Columbia action against defendants Fernando Aguirre, Cyrus Freidheim, Charles Keiser, Robert Kistinger, Robert Olson, William Tsacalis, and Steven Warshaw are remanded to the District of District of Columbia.

IT IS FURTHER ORDERED that plaintiffs claims in the District of New Jersey action against defendants Cyrus Freidheim, Charles Keiser, Robert Kistinger, Robert Olson, and William Tsacalis are remanded to the District of New Jersey.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Catherine D. Perry

**IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDERS
DERIVATIVE LITIGATION**                                    MDL No. 1916

**SCHEDULE A**

<u>District of District of Columbia</u>

DOES (1-144) v. CHIQUITA BRANDS INTERNATIONAL, INC., ET AL.,
   C.A. No. 1:07-01048

<u>District of New Jersey</u>

DOE 1, ET AL. v. CHIQUITA BRANDS INTERNATIONAL, INC., ET AL.,
   C.A. No. 2:07-03406